UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------- X

GREGORY REDDICK,

                              Plaintiff,

            -against-

THE CITY OF NEW YORK, Parks Enforcement
Special Patrolman Jean-Baptist Joseph, Shield
No. 441, Parks Enforcement Special Patrolman
Akeem Johnson, Shield No. 601, Sergeant
"John" Sanchez, Captain "John" McCants,
Does 1 through 10, NYP Holdings, Inc., d/b/a
The New York Post,

                              Defendants.
---------------------------------------------------------- X

**COMPLAINT**

**Jury Trial Demanded**

Plaintiff, Gregory Reddick, by his attorney, The Rameau Law Firm,
alleges the following, upon information and belief, for this Complaint:

## INTRODUCTION

1.      This is a civil rights action for money damages brought
pursuant to 42 U.S.C. §§ 1981, 1983, 1985 and 1988, the First, Fourth,
Fifth, and Fourteenth Amendments to the United States Constitution,
and the common law of the State of New York, against the defendants
mentioned above in their individual and official capacities, and against
the City of New York and NYP Holdings, Inc..

2.      On May 27, 2015, Parks Enforcement Patrol Officer Jean
Baptist Joseph and John Does 1 through 10 unlawfully arrested, used
excessive force upon, and maliciously prosecuted Plaintiff without any

1

justification or due cause.

3.      On May 30, 2015, NYP Holdings, Inc. d/b/a The New York Post, published an article concerning plaintiff that they knew to be false or should have known to be false had they undertaken the most minimal of journalistic investigation.

4.      Plaintiff seeks compensatory and punitive damages and an award of attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

## JURISDICTION

5.      This Court has subject matter jurisdiction over the federal claims pursuant to 28 U.S.C. §§ 1331 and 1343.

## VENUE

6.      Under 28 U.S.C. § 1391 (b) and (c), venue is proper in the Southern District of New York.

## PARTIES

7.      Plaintiff Gregory Reddick    ("Mr. Reddick") was at all material times a resident of the City of New York, New York State, and of proper age to commence this lawsuit.

8.      Defendant Parks Enforcement Special Patrolman JEAN-BAPTIST JOSEPH, Shield No. 441 ("Joseph"), at all times relevant herein, was an officer, employee and agent of the Parks Department. Defendant Joseph is sued in his individual and official capacities.

9.      Defendant Joseph at all relevant times herein, either

2

directly participated or failed to intervene in the violation of plaintiff's rights.

10.    Defendant Parks Enforcement Special Patrolman AKEEM JOHNSON, Shield No. 601 ("Johnson"), at all times relevant herein, was an officer, employee and agent of the Parks Department. Defendant Johnson is sued in his individual and official capacities.

11.    Defendant Johnson at all relevant times herein, either directly participated or failed to intervene in the violation of plaintiff's rights.

12.    Defendant Parks Enforcement Patrol Sergeant "JOHN" SANCHEZ, whose first name and shield number are unknown to plaintiff, was at all times relevant herein, an officer, employee and agent of the Parks Department.  Defendant Sanchez is sued in his individual and official capacities.

13.    Defendant Sanchez at all relevant times herein, either directly participated or failed to intervene in the violation of plaintiff's rights.

14.    Defendant Parks Enforcement Patrol Captain "John" MCCANTS, whose first name and shield number are unknown to plaintiff, was at all times relevant herein, an officer, employee and agent of the Parks Department.  Defendant McCants is sued in his individual and official capacities.

15.    Defendant McCants at all relevant times herein, either directly participated or failed to intervene in the violation of plaintiff's

3

rights.

16.     Defendants John Does 1 through 10, at all times relevant herein, were an officers, employees and agents of the Parks Department.  Defendant John Does 1 through 10 are sued in their individual and official capacities.

17.     Defendants John Does 1 through 10, at all relevant times herein, either directly participated or failed to intervene in the violation of plaintiff's rights.

18.     Defendant City of New York (hereinafter "The City") is, and was at all relevant times, a municipal corporation duly organized and existing pursuant to the laws, statutes and charters of the State of New York. The City operates the New York City Department of Parks and Recreation, a department or agency of defendant City, responsible for the appointment, training, supervision, promotion and discipline of officers and supervisory officers, including the Defendants.

19.     Defendant NYP Holdings, Inc. was, at all relevant times, a private company duly organized in the State of New York and conducting business in the state of New York.

20.     Defendant NYP Holdings, Inc. does business as The New York Post and publishes a newspaper in print and online.

21.     Defendant NYP Holdings, Inc. employs purported journalists, writers, editors, copy editors and other employees who are

4

responsible for the content that appears in the print and online version of the newspaper.

## FACTUAL
## ALLEGATIONS

22.    Plaintiff is an entertainment vendor in the City of New York

23.    In February 2012 the Appellate Division First Department decided the <u>Matter of New York Skyline, Inc.</u>, 94 A.D. 23 (1ST Dep't 2012), which held that vendors of tickets to entertainment are exempt from the licencing requirements of the General Vendors Law because they do not vend goods or services.

24.    In response to the <u>Matter of Skyline, Inc.</u> *supra* decision, in April 2013 the New York City Parks Department revised 56 RCNY §§1-02 and 1-05 (b) to confirm that permits are not required for entertainment vendors and to clarify that the entertainment vendors need only comply with the Parks Department's Expressive Matter Vending Rules.

25.    Upon information and belief, that revision was published in the April 8, 2013 issue of the City Records on page 865.

26.    Therefore, by 2014, and at all times herein mentioned, Plaintiff, who was vending entertainer, was not required to obtain any permits or licenses to vend in the Battery Park area of Manhattan, NY.

27.    Despite the foregoing, beginning in May 2014 and continuing to date, Defendants issued violations to entertainment

vendors in the Battery Park area falsely charging them with vending without a permit in violation of 56 RCNY § 1-05 (b) 1.

28.     Despite the foregoing, beginning in May 2014 and continuing to date, Defendant herein began issuing criminal summonses to entertainment vendors in the Battery Park area falsely charging them with vending without a permit in violation of 56 RCNY § 1-05 (b) 1.

29.     Despite the foregoing, beginning in May 2014 and continuing to date, Defendant herein began issuing criminal summonses to entertainment vendors in the Battery Park area falsely charging them with vending without a permit in violation of 56 RCNY § 1-05 (b) 1

30.     Despite the foregoing, beginning in May 2014 and continuing to date Defendants herein began seizing certain property, to wit: electronic ticketing machines, from entertainment vendors in the Battery area based on false allegations that these vendors were in violation of 56 RCNY § 1-05 (b) 1.

31.     Despite the foregoing, beginning in May 2014 Defendants herein began making arrests, issuing violations, issuing criminal court summonses and seizing property from SJQ TOURS LLC contractors and employees generally and GREGORY REDDICK specifically.

32.     In each instance, when a criminal summons or violation was issued, and the matter was heard before a court or administrative law judge, the matter was dismissed and the seized property was released.

33.    In certain of those decisions Administrative Law Judges specifically decided that the issued violation or summons "fails to state a charge upon which the violation is based and is therefore defective..."

34.    In certain of those decisions Administrative Law Judges specifically held that the issued violation or summons must be dismissed because the Matter of New York Skyline Inc., *supra* case exempts Plaintiffs and those similarly situated from the permit requirement of 56 RCNY §§1-05 (b) 1.

35.    Between June 1, 2014 and May 27, 2015 Plaintiff was arrested numerous times and each time all the charges against Plaintiff were false.

36.    In May 27, 2015, at around 2:00 p.m. Plaintiff was working as a ticket agent for Tours On the Water at Pier 15 at 80 South Street, New York, New York when he was approached by defendants.

37.    Defendants surrounded plaintiff.

38.    Parks Enforcement Patrol officer Joseph asked plaintiff for ID and plaintiff complied.

39.    The officers examined and returned plaintiff's ID before telling plaintiff he was free to leave.

40.    Plaintiff walked to Battery Park.

41.    Once plaintiff arrived at Battery Park, he realized defendant Joseph, Johnson, Sanchez and McCants, was stalking him.

42.    The defendants approached plaintiff and proceeded to

7

assault and mace plaintiff along with several additional John Doe defendants.

43.     Plaintiff was in tremendous pain and was treated on scene by an ambulance.

44.     Plaintiff was ultimately taken to a police precinct.

45.     The defendants falsely claimed that plaintiff assaulted defendant Joseph.

46.     Plaintiff was released on his own recognizance.

47.     The charges against plaintiff are still pending.

48.     To date plaintiff has made eight court appearances, including his arraignment.

49.     His next court appearance is July 11, 2016.

50.     On Monday, May 30th, 2015, three days after plaintiff's arrest, the New York Post featured in its print version and online version an article about plaintiff.

51.     The article names plaintiff, includes a mugshot photo of plaintiff and falsely states that plaintiff charged two hundred dollars ($200) each to two tourists to ride the free Staten Island Ferry.

52.     The article cites a Parks Enforcement Patrol officer as a source.

53.     The article was written without any due care as to its accuracy as even a cursory reading of the Criminal Court complaint would have made clear that this never occurred.

8

54.     The police paperwork prepared by defendant Johnson also does not contain this false account.

55.     The New York Post had several days to verify this information but did not. Instead, they acted with reckless disregard for the truth by printing sensational falsehoods.

56.     The writer of the article, his editors and the publishers of NYP Holding, Inc. d/b/a the New York Post to fact-check the article.

57.     NYP Holding, Inc. published the article with no regard for its effect on plaintiff or his reputation.

58.     Plaintiff's business is selling tickets to tourists.

59.     His livelihood is based upon his reputation and his dealings with other merchants who contract with him to provide services.

60.     Plaintiff's business also provided jobs to individuals who had been incarcerated, like plaintiff, to give them an opportunity to get their lives back on track.

61.     As a result of plaintiff's arrest, the New York State Office of Parole stopped sending workers to plaintiff.

62.     More importantly, as a result of the defamatory statements published in the newspaper plaintiff's livelihood was destroyed.

63.     Plaintiff lost several lucrative business contracts.

64.     In addition, plaintiff has experienced severe emotional distress as a result of this encounter with defendants.

65.     Defendants were aware that all of these were the likely

9

foreseeable consequence of their actions.

## FIRST CLAIM
### Federal False Arrest against Defendant Joseph

66.   Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

67.   Defendant Joseph violated the Fourth and Fourteenth Amendments because he arrested plaintiff without probable cause.

68.   As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## SECOND CLAIM
### Federal Malicious Prosecution against defendant Joseph

69.   Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

70.   By his conduct, as described herein, and acting under color of state law, defendant Joseph is liable to plaintiff, under 42 U.S.C. § 1983 for the violation of his constitutional right to be free from malicious prosecution under the Fourth and Fourteenth Amendments to the United States Constitution.

71.   Defendant Joseph's unlawful actions were done willfully, knowingly, with malice and with the specific intent to deprive plaintiff of his constitutional rights.   The prosecution by defendant of plaintiff constituted malicious prosecution in that there was no basis for the

plaintiff's arrest, yet defendants continued with the prosecution, which was resolved in plaintiff's favor.

72.    As a direct and proximate result of defendant's unlawful actions, plaintiff has suffered, and will continue to suffer, damages, including physical, mental and emotional injury and pain, mental anguish, suffering, humiliation, embarrassment and loss of reputation.

### THIRD CLAIM
### Denial Of Constitutional Right To Fair Trial
### Against Defendant Joseph

73.    Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

74.    Defendant Joseph created false evidence against Plaintiff.

75.    Defendant Joseph forwarded false evidence to prosecutors in the New York County District Attorney's office.

76.    In creating false evidence against Plaintiff, and in forwarding false information to prosecutors, defendant Joseph violated Plaintiff's constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

77.    As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

### FOURTH CLAIM

11

**Excessive Force Against Defendants Joseph and John Does 1 through 10**

78.     Plaintiff repeat and reallege each and every allegation above as if fully set forth herein.

79.     The defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on Plaintiff.

80.     As a direct and proximate result of this unlawful conduct, Plaintiffs sustained the damages hereinbefore alleged.

81.     The Defendants each deprived Plaintiff of their rights intentionally, willfully, or recklessly, under color of law.

82.     As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages herein alleged.

### FIFTH CLAIM

**Defamation Per Se Against Defendant NYP Holdings, Inc.**

83.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

84.     Defendant NYP Holdings, Inc. knew or had reason to know that when it published the article about Plaintiff that such article was false.

85.     The publication was injurious to plaintiff's reputation as it caused plaintiff a number of business opportunities.

86.     The false statement made about Plaintiff was that he charged
an exorbitant price to a free ferry ride.

87.     Accordingly, Plaintiff has established the elements of
defamation per se.

88.     As a direct and proximate result, Plaintiff sustained damages
and injury.


## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff requests that this Court:

(a)     Award compensatory damages against the defendants,
jointly and severally;

(b)     Award punitive damages against the individual
defendants, jointly and severally;

(c)     Award costs of this action to the plaintiff;

(d)     Award reasonable attorneys' fees and costs to the
plaintiff pursuant to 28 U.S.C. § 1988;

(e)     Such other and further relief as this Court deem just
and proper


## JURY DEMAND

Plaintiff hereby demands a jury trial.

Dated:      Brooklyn, New York
            May 31, 2016

                                   Amy Rameau,  Esq.

                                   The Rameau Law Firm
                                   16 Court Street, Suite 2504
                                   Brooklyn, New York   11241
                                   (718) 852-4759
                                   saleemlawny@gmail.com
                                   rameaulawny@gmail.com

TO:         All  Defendants

14